IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY ROSENBAUM,

    Plaintiff,

vs.          Case No. 09-1256-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

    Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the

1

conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in

any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other

3

jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

**II. History of case**

On May 31, 2007, administrative law judge (ALJ) Robert J. Burbank issued his decision (R. at 14-21). Plaintiff alleges that he has been disabled since March 28, 2005 (R. at 14). Plaintiff is insured for disability insurance benefits through September 30, 2006 (R. at 16). At step one, the ALJ determined that plaintiff has not performed substantial gainful activity since March 28, 2005, the alleged onset date of disability (R. at 16). At step two, the ALJ found that plaintiff had the following

4

severe impairments: degenerative disc disease of the lumbar and cervical spine and degenerative joint disease of the right knee (R. at 16). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 17). After determining plaintiff's RFC (R. at 17), the ALJ found at step four that plaintiff is unable to perform any past relevant work (R. at 19). At step five, the ALJ found that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 19-20). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 20-21).

**III. Did the ALJ fail to follow the requirements of SSR 00-4p?**

SSR 00-4p states that before relying on VE evidence to support a disability determination or decision, an ALJ must identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by vocational experts and information in the DOT [Dictionary of Occupational Titles] (including its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO)) and explain in the decision how any conflict that has been identified was resolved. 2000 WL 1898704 at *1. In making disability determinations, defendant will rely primarily on the DOT for information about the requirements of work. Occupational evidence provided by a VE should be consistent with the occupational information supplied by the DOT.

When there is an apparent unresolved conflict between the VE evidence and the DOT, the ALJ must elicit a reasonable explanation for the conflict before relying on the VE evidence to support a decision about whether a claimant is disabled. At the hearing level, as part of the ALJ's duty to fully develop the record, the ALJ will inquire, on the record, as to whether or not there is such consistency. If a conflict exists, the ALJ must resolve the conflict by determining if the explanation given by the VE is reasonable and provides a basis for relying on the VE testimony rather than on the DOT information. 2000 WL 1898704 at *2.

At the hearing, the ALJ asked the following of the vocational expert (VE):

> Q (by ALJ): You understand that your testimony should be consistent with the Dictionary of Occupational Titles?
>
> A (by VE): Yes.
>
> Q: And if your testimony is not consistent with the DOT, will you point that out to us?
>
> A: Yes.

(R. at 411). At no point did the VE subsequently indicate that his testimony was not consistent with the DOT. Plaintiff asserts that the ALJ erred by not asking the VE at the end of his testimony whether his testimony was consistent with the DOT (Doc. 14 at 4-5).

SSR 00-4p requires the ALJ to ask the VE if there are any

possible conflicts between the testimony of the VE and the DOT. 2000 WL 1898704 at *4. In all prior cases before this court involving the application of SSR 00-4p, the ALJ has asked the VE at the conclusion of his or her testimony if there are any possible conflicts between their testimony and the DOT. However, the court finds that the ALJ's decision in this case to inform the VE at the beginning of his testimony that he should point out if his testimony is not consistent with the DOT substantially complies with the requirement of SSR 00-4p. Nothing in the language of SSR 00-4p precludes such an approach by the ALJ.

Plaintiff also asserts that the ALJ failed to recognize an apparent conflict with the DOT because of the limitation of a sit/stand option (Doc. 14 at 5-6). The ALJ's RFC findings did not include a sit/stand option (R. at 17, 18), and such an option was not included in the hypothetical question to the VE (R. at 414-415). However, in finding that plaintiff can perform other work at step five, the ALJ stated the following:

> Although the claimant testified that he had limited ability to do prolonged standing/walking or prolonged sitting, the vocational expert testimony supports that even with a sit/stand option, the claimant can work.

(R. at 19). The VE testified that the jobs of weight tester, dowel inspector and small products assembler allow a sit/stand option (R. at 416).

The DOT and the SCO generally classify work as sedentary,

7

light, etc.  Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally.  Light work requires walking or standing to a significant degree or may require sitting most of the time but entails pushing and/or pulling of arm or leg controls.  DOT (4th ed. 1991 at 1013); 20 C.F.R. § 404.1567(a,b) (2010 at 392).  The jobs of weight tester and dowel inspector are classified as sedentary jobs, and the job of small products assembler is classified as a light job.  DOT (396, 620, 694).  Neither the DOT nor the SCO specifically discuss whether jobs allow for a sit/stand option.  However, the VE testified that the three jobs he identified could be performed with a sit/stand option. Although the VE was asked to point out if his testimony was not consistent with the DOT, the VE never indicated that his testimony was not consistent with the DOT.  In these circumstances, the VE's testimony does not conflict with the DOT and SCO so much as it clarifies how their broad categorizations apply to this specific case.  Segovia v. Astrue, 226 Fed. Appx. 801, 804 (10th Cir. March 23, 2007).

In the case of Cowen v. Astrue, Case No. 09-1206-SAC, 2010 WL 2925251 (July 21, 2010), the ALJ included in the RFC findings for the claimant a limitation allowing claimant the option to change positions occasionally from sitting to standing.  Cowen,

8

Doc. 19 at 19.  Relying on Segovia, this court held that the VE's testimony regarding the impact of the sit/stand option did not conflict with the DOT and SCO so much as it clarified how broad categorizations applied to this specific case.  Id., Doc. 19 at 28.  An ALJ can rely on the testimony of the VE which is based on his/her professional experience.  Rogers v. Astrue, 2009 WL 368386 at *4 (10th Cir. Feb. 17, 2009).

The facts of the case presently before the court (Rosenbaum) are quite similar to those in Cowen.  The court finds that there was no clear conflict requiring clarification under SSR 00-4p.  Furthermore, although the VE was asked to point out if his testimony was not consistent with the DOT, the VE never indicated that his testimony was not consistent with the DOT.  As this court held in Cowen, the ALJ did not err by relying on the VE's testimony that plaintiff could perform the three jobs identified by the VE if a sit/stand option was required.

**IV. Did the ALJ err by making RFC findings in violation of SSR 96-8p?**

Plaintiff asserts that the ALJ erred by stating that the plaintiff can perform light work without first identifying plaintiff's work-related activities on a function-by-function basis (Doc. 14 at 6).  SSR 96-8p states that the RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a

9

"function-by-function" basis.  Only after that may the RFC be expressed in terms of the exertional levels of work (sedentary, light, etc.).  1996 WL 374184 at *1.  At both step four and step five of the sequential evaluation process, the RFC must not be expressed solely in terms of the exertional categories.  1996 WL 374184 at *3-4.  At step five, the RFC must be expressed in terms of the exertional category.  However, in order for an individual to do a full range of work at a given exertional level, the individual must be able to perform substantially all of the exertional and nonexertional[1] functions required in work at that level.  Therefore, it is still "necessary" to assess the individual's capacity to perform each of the exertional and nonexertional functions in order to decide which exertional level is appropriate and whether the individual is capable of doing the full range of work contemplated by the exertional level.  1996 WL 374184 at *3.

In his decision, the ALJ indicated that plaintiff was limited to an RFC of a restricted range of light work (R. at 17,

---

[1]Exertional capacity addresses an individual's limitations and restrictions of physical strength and defines the individual's remaining ability to perform each of seven strength demands: sitting, standing, walking, lifting, carrying, pushing and pulling.  Nonexertional capacity considers any work-related limitations and restrictions that are not exertional. Nonexertional limitations include limitations in mental abilities, vision, hearing, speech, climbing, balancing, stooping, kneeling, crouching, crawling, reaching, handling, fingering, feeling and environmental limitations.  SSR 96-9p, 1996 WL 374185 at *5.

18). The ALJ indicated that his RFC findings were based on a state agency RFC assessment (R. at 18). At the hearing, the ALJ gave a hypothetical question which was based on the state agency assessment (Exhibit 9F) (R. at 414). The VE testified that he had reviewed that exhibit (R. at 415). The ALJ directed the VE to assume a person who was limited to an RFC consistent with Exhibit 9F (R. at 415). Exhibit 9F sets out specific lifting/carrying and pushing/pulling limitations (20 pounds occasionally, 10 pounds frequently), standing/walking limitations (6 hours in an 8 hour day), and sitting limitations (6 hours in an 8 hour day) (R. at 269-276). The VE's testimony was based on the limitations set forth in Exhibit 9F. The ALJ then relied on the VE's answer to the hypothetical question to find that plaintiff can perform other work in the national economy. It is clear from the ALJ's decision and the hypothetical questions to the VE that the ALJ's RFC findings incorporated the specific exertional and nonexertional limitations set out in Exhibit 9F. Those specific exertional and nonexertional limitations formed the basis for the testimony of the VE, which the ALJ relied on in determining that plaintiff could perform other work in the national economy. On the facts of this case, the court finds that the ALJ's RFC findings complied with SSR 96-8p.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to the fourth sentence of 42

U.S.C. § 405(g).

Dated this 30th day of August, 2010, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge